Case No. 17-1909, Robert Davis v. Detroit Public Schools Community at all, argument not to exceed 15 minutes for plaintiff and 15 minutes to be shared for defendants. Mr. Patterson, you may proceed to the appellant. Thank you. May it please the court. I first feel compelled to address what this appeal is not about in light of the response briefs I received from the school district. This appeal is not about the plaintiffs attacking the tax increment financing actor, now known as the Local Development Finance Authority. Could you speak up a little bit and use the microphone? Is that better? Do you need time for rebuttal? I did reserve two minutes for rebuttal. Plaintiffs' amended complaint specifically acknowledged the vitality of the Local Development Finance Authority, formerly known as the Tax Increment Financing Authority. However, the Michigan Supreme Court, in its advisory opinion on the constitutionality of the Local Development Finance Act, specifically noted that the case was limited. In fact, the court said, and I think it's worth quoting, However, in addition to the more obvious fact that our decision is not based on the policy merits of tax increment financing, we caution that the incident holdings are limited. The particular facts of the future litigation case, or questions premised upon other constitutional provisions, or questions of statutory construction not presented in the request for an advisory opinion, may present different problems that are not addressed here. So, the TIFA Act and the plaintiffs' allegation that we're seeking to wreak havoc across the state of Michigan and TIFA financing is simply misplaced. What the plaintiffs are raising, though, are, as the Supreme Court noted, questions of statutory construction not presented here in the request for an advisory opinion. Specifically, plaintiffs' amendment complaint raises the statutory construction issue requiring the reconciliation of Section 1216 of the Michigan Revised School Code, that's MCL 382-1216, with the LDFA's constitutionally permitted capture and use by the defendant, DDDA, diverting the school operating tax revenues from that entity, the Detroit Public Schools. Section 1216 of the Michigan Revised School Code says that the school's operating millage shall not be used, quote, shall not be used for a purpose other than that for which it was raised without the consent of a majority of the school's electors. I'd like to give you the opportunity to address something that's certainly on my mind, which is whether your client is properly in this court. So, we asked for a supplemental briefing on the Article 3 CNA question, and I'm just wondering whether you'd like to spend a little time telling us why you think either client has CNA. Well, I think it's an issue of this court determining whether or not the district court abused its discretion in exercising supplemental jurisdiction over this issue. Well, I mean, if – so, Dymo Kreisler from the Supreme Court says that even if there's supplemental jurisdiction, that's not the end of the question. The question is whether you have both standing under Michigan law and standing under federal law, and the federal law issue seems to be the tricky one. So, are these – Well, I believe Smokio went far enough to recognize a right being deprived of the plaintiffs, the right to vote, which is both a state and a federal right, and it's well elevated in the panel of federal jurisdiction, and protecting that – How is your client deprived of the right to vote here? My client has, under Section 416 of the Michigan Revised School Code, the right to vote on the capture of the school operating budget by the DDA. But they don't have a right to place that on the ballot themselves, or we're not – that's not clear. They have the right to vote, and the defendant DDA – I'm sorry, the defendant school district, I believe, has a duty to place that on the ballot. That's a separate pending action in the district court in front of federal districts. You have to show that what's being done is in violation of federal law, and even if you disagree with the expenditure, it gets into the issue of whether the Detroit voters can determine the relief, can provide the relief, or if there's a state law procedure for the voters. For this court of order, a new referendum, and in the absence of that, you wouldn't have Title III standing. In other words, if the expenditures here are not violent of federal law, you wouldn't be in this court. One of the counts that I submitted was asking for a declaration that the plaintiffs are remedialists and that initiative and referendum aren't available to them under Michigan law. That was, I think, count nine of the lamented complaint. So that they are remedialists unless this court exercises – unless the federal court exercises jurisdiction. Well, the thing is, the state statutes provide for the setting up of this downtown development authority and these other agencies that have decided how to expand these funds. And these funds, even though there was initially a school – a referendum raised on the – as a school bond issue, these expenditures are in accordance with the procedures specified under these local redevelopment agencies. And the expenditures are being done in accordance with and pursuant to state law. You don't have – the voters can't provide a remedy for the issue because there's no federal constitutional violation here. Well, what you've described is inaccurate. The defendants are capturing and spending money and depriving the electorate of the right that they have under Michigan law to vote. The defendant is refusing to follow Michigan law and denying it through process of federal law as well as under Michigan law. The plaintiffs are entitled to a vote. It's very specific in Section 1216 of the Michigan Revised School Code. It says, shall be entitled to vote. The mere fact that a government agency or a government entity is operating in violation of the law, which of course is not something that we hoped would happen, but the mere fact that there is an entity that is operating in violation of the law doesn't give anybody the right to come into federal court and say you must follow the law. That's basic standing, right? So you have to show how your client in particular is injured. My client has a right along with the rest of the electorate under Michigan law to vote on the issue. They've been deprived of that by the public body. The federal law has been foremost in protecting the right to vote of the electorate and the citizens. And when a state actor deprives citizens in a particular state of the right to vote on whatever the issue might be, that is also, I think, a violation of the right of any citizen of the United States to vote. But there's a causal – there's a step there, right? So it's not the right to – so for example, you don't have the right to vote for a candidate for office who is not qualified to be on the ballot. That's correct. Right? So the missing step here is who gets to place the issue that you want on the ballot, who has been entrusted with making sure that that – what you want to vote on is out there to vote on. The question I have is how can your client come into federal court in order to compel that issue to be placed on the ballot? For example, you could not come into court to compel your candidate of choice to be placed on the ballot and say, well, I was deprived of my right to vote because I wanted to vote for John Smith for Congress. But if a state actor deprives a person of liberty and equal protection and due process, that's certainly a causable federal action. And in this case, the state actor in the school district is refusing to follow Michigan law and to the detriment of my plaintiff and the entire electorate who are, by Michigan law, entitled to vote on this misuse of school operating funds for the reimbursement of $2 billion. It's absolutely within the federal recognition of the importance of the right to vote, no matter how it is – And does that mean that – does your position hold regardless of whether such a vote would be in fact effective? For example, if I think that you should put on the ballot whether we invade North Korea, you can put it on the ballot anywhere, but that's not going to take away the president's and the Congress's power over war. And here, at least, correct me if I'm wrong, part of the issue would be whether the school board, the school electors, law school electors, would have any power even if they did vote, vis-a-vis the city electors and the state government. Is the right – are you saying it's the right to vote regardless of whether it would have any effect? In this instance, it doesn't. The state law specifically says that these monies from the school operating budget may not be used in a different manner without the vote of the electorate. So the vote of the electorate is important. They may well affirm the use of the money in the donation to the $2 billion. It's entirely possible. I doubt it, and so do they, and that's why they're defending it. So for you to win or to have standing, we would have to agree with you on that point, not only that you could get it on the ballot, but the school board – law school board voters would have that right. Well, and they're coterminous with the city voters. They do have that right under clause 16 that they have the right to vote and approve – it says shall, but usually it's mandatory – that they shall have the right to vote with respect to a different use than operating funds. And in this instance, within two days, the plaintiff was able to produce 7,000 signatures on a petition that's been totally ignored by the defendant's school district. The electorate, I suspect, would turn this down, but they have a right to vote that's being deprived to them by the local unit of government, the school district. They're absolutely refusing to follow Michigan law, and whether you want to analogize to a criminal defendant being deprived of his rights or a citizen being deprived of their voting rights, they're both critically important to federal jurisdiction. You're asking us to – or mandating us to order the school board to place an issue on the ballot. Is that right? That is correct, because they are compelled to do that under clause 16. Well, there's a procedure pursuant to which I'm sure your adversaries will claim that these statutes – these state statutes have been followed for purposes of deciding the expenditure of these revenues through these local development agencies. And if all that was done pursuant to state law, what then would be the basis for us to provide the relief? You're asking me. It was not pursuant to state law. That's my whole point, that the constitutionality opinion of the Michigan Supreme Court did not address this issue. What I'm saying is they followed the statute, and you have not argued that these state statutes are unconstitutional. That's not an issue. No, they're not. It's an issue of reconciling the right to vote, which is granted specifically to the electorate, and the capture without even presenting it to the electorate, and the use of school operating funds in the manner that they're using them. But you also have not had this as a taxpayer expenditure lawsuit in Scotland. So I'm trying to find the basis for – that makes your allegations legally cognizable, and I'm having trouble doing that. And there aren't – in fairness, there aren't cases that I can find out there indicating this, but this is a unit of local state government, the school district. The state law requires them to put this issue to a vote, requires them to do that, and they've simply ignored it and refused to do it. That's depriving my plaintiff and my electorate of the right to vote when they have that right granted by the state government. They're choosing not to follow state law. That certainly is a denial of due process. Are you saying – It's cognizant of it. Are you saying the class is going through the steps necessary legally to get this placed on the ballot and the censors? I am saying that, and as a complement to that, I ask that the district court declare that they don't have the right of initiative to place it on the ballot, but it lies with the school district. They have the power and authority to place it on a ballot and the duty to place it on a ballot. But you don't sue the school district. I did. You sued – Oh, yeah, you did sue the Detroit public school district. Yes, I did. But you're – am I right that your claim rests on the notion that this is within the scope of the powers of the school electorate? One of the state statutes it issued says the board of the school district may submit a question that is within the scope of the powers of the school electorate. So that the 10th law, you have to be saying is one of the things that is within the scope of the powers of the school. No, no, not at all. Not at all. I'm saying that it's within the scope of the power of the school district to decide whether it's operating funds that the electorate approved the millage for can be used for a different purpose. And I'm saying section 1216 of the initiative revised school code specifically says that they can be used, but they cannot be used without the vote of the electorate. Section 1216 overrides the part I just read, which is MCL 380.11810. Correct. All right. Thank you, Bryce. Thank you. Thank you. You'll have your two minutes. Thank you. Good morning, your honors. Kevin Campbell, on behalf of the Detroit Public Schools Community District, the Board of Education, and its board president, Dr. Iris Taylor. Your honors, I respectfully would like to request a period of 10 minutes for my esteemed colleague, Mr. Fink. And I'll utilize my five minutes to address what I perceive to be what's lacking here, which is Article 3 standing. All right. First, as a threshold issue, I don't mean A.R.T. standing. I think I read A.R.T. hospitality simply for the proposition that in the sequencing of jurisdictional issues, the court can and did find state standing to be dispositive. But I don't think in any respects it made Article 3 irrelevant. Having said that, I think that Article 3 standing is plaintiff's burden and is entirely absent here. Is that evidenced by the plaintiff's answers this morning? Is the plaintiff's counsel's answers this morning? Or is it supplemental briefing? First of all, it's not surprising because it doesn't simply exist regarding the alleged injury. As I construe the injury on the pleas, it's that there's a loss of school, or rather a capture of school revenue without a vote, which is MCL 380-1216. But the alleged injury is not particularized as required for Article 3 standing. The injury is the same as any other school of lectures in the city of Detroit, the alleged injury. And that is insufficient, I submit, for Article 3 purposes. Nor is it concrete. This is really a hypothetical issue for the simple reason that the Michigan Supreme Court in 1986 squarely addressed this issue in the context of 380-1216. And it held that the tax increment financing permitted by the Downtown Development Authority Act is constitutional. And because it's constitutional, placing the issue on the ballot would accomplish nothing. It would perhaps be a statement, but it would certainly be nothing more than a statement. A hollow one at that. Is that the same as the section that I was quoting from your colleague about a question within the scope of the powers of the school electors? Are you saying that because of the Downtown Development Authority Act and so on, that this simply is not within the scope of the powers of the school electors? Absolutely, Your Honor. I think that the school board, in making the decision as to whether or not to place the issue on the ballot, is fully cognizant of the fact that the Michigan Supreme Court squarely addressed the legality of tax increment financing in the interplay of MCL 380-1216. Let me ask you this. Could the issue be framed as a different issue than what you just put forward? In other words, in terms of taxpayer spending, is there a standing to challenge spending? Even if the tax increment financing statutory scheme is constitutional, is there an argument to be had that taxpayers may have a right to challenge spending? If the intent of the voters in authorizing bond financing is not being adhered to. Well, Your Honor, I submit that there's no basis for federal taxpayer spending. I think that Dymar-Price v. Cuno addresses this. I think if the challenge is to state taxpayer spending, I think that the same analysis applies. There is no standing. As it relates to municipal taxpayer spending, I submit that that would only allow the plaintiffs to establish an injury in FAF. The plaintiffs would still have to clear the other two Article III criteria of being causation and redressability, which I submit is simply not the case here. They can't do, which I can turn to now if the court so pleases. All right. Thank you. Okay. You're out of time. I'll let you take some time for miscontent. Can I take two minutes more? I mean, I'll be quick unless – well, I'll defer to you. Well, that's fine. Unless there's any additional questions, I'll – You can take ten minutes. Thank you, Your Honor. Real briefly, I respectfully submit that – You're taking two minutes, Mr. Finkstead. I feel bad. One minute. Okay. I'll be brief. Regarding causation and redressability, I have just several points. Nothing in MCL 380.1216 requires the board to certify a general election as it relates to this tax capture issue. As I read 380.1216, it applies to the powers of the board. The board can't convert funds. The board gets funds. They can't use funds for a purpose other than that which is identified in the millage. The board here is not capturing cash revenues. Third parties are. And as I've indicated earlier, Michigan law entirely permits it. I also note that the Board of Education is a municipal corporation and subject to legislation of the state. We can't – the board can't vote to invalidate the DEA or the acting state in pursuant to it. I would respectfully submit finally that, as Mr. Fink will allude to, this is a special time in Detroit history in that an important chapter is being written in terms of renewal. And the defendant authorities are instrumental in this whole process. And basically, as I construe plaintiff's complaint allegations, is to enlist the Detroit public schools in – and I better hurry up here, actually. But to enlist the Detroit public schools in this effort to make a statement, a statement that's hollow, a statement that has no effect whatsoever. When the Detroit public schools in this broad discretion of the board, in its discretion, within the bounds of law, decided that it was going to focus on the students, we'll be writing someday the next chapter in this renewal process. And so I believe that Judge Goldsmith correctly abbreviated their efforts, plaintiff's efforts. And I know that Article III standing is an additional basis for that. Thank you, Your Honors. Thank you. May it please the court, David Fink, appearing on behalf of the Downtown Development Authority and the Detroit Brownfield Redevelopment Authority. Very briefly at the outset, I heard one argument from counsel. I may have misheard it, but very early in this argument, counsel suggested that this court should consider whether Judge Goldsmith abused his discretion in taking supplemental jurisdiction. I just wanted to be clear that that was an issue never raised below, an issue not raised here. In fact, in their response, in their brief on – their supplemental brief, they explicitly say the court had supplemental jurisdiction. And below the complaint on at least seven places – I was reading that while I was arguing – they set – they cite supplemental jurisdiction. With due respect to this court, we need to argue about what's really occurred here. This is one more in a series of frivolous and vexatious lawsuits filed by the plaintiff – one of the plaintiffs, Mr. Davis – and this counsel. This court has explicitly addressed that issue less than two years ago when the court referenced the repeated vexatious lawsuits filed in the manner of Davis v. Johnson filed by these parties. Now, why do I start with that? Because the question isn't whether the plaintiff's claims should be rejected. The question isn't whether the plaintiff's should be barred from this courthouse. The question is how. And that's an important issue. I know the court has raised the question of jurisdiction of Article III standing. At the trial court level, Judge Goldsmith made a choice, which we think is consistent with the Artie ruling, that he could – the court could address either threshold issue first. He could address the issue of whether there was Michigan standing or whether there was federal standing. He chose to address Michigan standing first. And by doing that, he saved the project quite candidly. Because had he ruled simply that there was no federal standing, we would have been out of court and they would have refiled in state court. And the delay itself may well have stopped the project. But are you sure you want to – are you asking this court to affirm on the basis of Michigan standing? No, here's the question. I mean, Lansing School Board from the Michigan Supreme Court is much more lax than federal standing. So you – it just doesn't seem to me like as a litigant that would be my move. Please, Your Honor, rest on Michigan standing, which is more lenient than federal standing. Well, let me say first yes. And the reason we do want to rest on Michigan standing is the court has already found that there would be a need here to establish particularized injury and there was no particularized injury. But more to the point, I'm glad that you asked this question because what we really want and what we really propose is the following. There's a pending motion that we were advised would be taken up by this panel as part of the review of today's appeal. There's a pending motion to strike the brief that was filed by appellant. The brief was filed a day late, normally a day so what. This happens all the time. But it happens all the time with this plaintiff and this counsel time and time again. They flout the federal court rules in state, in the district court, and here. And ironically, not only were they late on their brief, they were three days late on responding to our motion to strike their brief. If this court strikes their brief and dismisses the appeal, then the ruling below stands. And the court never needs to address the Article III issue because what we're really dealing with is a situation in which a serial litigator is continually interfering, not just with the community projects. That's an issue that the court's interested in, but not improperly. So what this – these litigants continually bring frivolous claims. The court understands how frivolous this voting rights claim is. It's absurd. They're saying – they're equating the right to vote in a scheduled election to the right to demand an election. I do wonder why Mr. Davis is here to apply this because he doesn't even live in Detroit. That is so ironic, Your Honor, and so correct. But there is a plaintiff who lives in Detroit. Yes, there is a plaintiff who lives in Detroit. If – I mean that is sufficient. If that alone were sufficient for Article III standing, having one who lived in Detroit is sufficient. Not all plaintiffs have that status. That's correct, Your Honor. They don't all, but the point – the reason I raise it, the reason I raise this is because it is Mr. Davis who has been the driving force in this case. And yes, Ms. – the other plaintiff also was running for city council and wanted to get attention. But the fact is – or was running for city clerk, but the fact is – and this is what's important here. The – there isn't an issue as to whether there are legitimate claims below. These claims were all frivolous. The court has heard the arguments today. The court understands that they're frivolous arguments. The point is, what are you doing? The motion for Rule 11 sanctions? I mean, I didn't know that we were here to talk about Mr. Davis. I understand that he is a frequent litigator. I understand that. But I thought maybe you would like to address the merits of your case. Well, I will, Your Honor. Just the reason I'm addressing that is we have a motion pending, and that would resolve the issue. Now, regarding the merits of the case, it couldn't be more clear. The issues on appeal are, was the court correct in rejecting Michigan's standing? And in the alternative, was the court correct in the bigger analysis? Regarding Michigan's standing, I don't think there could be any question. They don't even offer any allegations. The fact is there is no particularized injury, none whatsoever, for the plaintiff. I mean, it is Will Conant in this case. There's no particularized – she's the same. She doesn't claim to be any different than everybody else in the electorate. And that would mean that anybody in the city could bring a claim. Now, the federal – state law is – has been relieved of some of the tighter strictures on standing. No question about it. But not so much so that you need no injury, and not so much so that you don't need a particularized injury. And, in fact, they don't cite any cases to the contrary. There are very specific – there are very clear cases that have said that. But part of the reason they might not cite any cases to the contrary is that after Lansing schools, which loosened the Michigan standing requirements, there wasn't a lot of reason to really care about who had standing and who didn't because the standing requirements were pretty loosened after Lansing schools, which was a big decision of the Michigan Supreme Court. Correct me if I'm wrong, but Judge Goldsmith correctly cites to the subsequent cases that were decided in the Michigan Court of Appeals on finding that particular plaintiffs did not have the particularized injury necessary. And in those instances, the matters were rejected. I mean, their standing was rejected. So because of that – and we haven't heard any – there's arguments to the contrary on it. So, one, we should prevail on that basis. But if we don't prevail on that basis, there's an alternative. This case is the poster child for the bigger doctrine. This case is so similar to the bigger doctrine that I argued at the district court that the only difference between bigger in our case is that bigger involved a football, and our case involves a basketball. Otherwise, they're all identical. The issue is that they sat on their rights. They sat on their rights not just for months. At best, it was several months, but it was really several years. It started in 2012. By the way, this answers another question, which is the issue of how could this statute demand a vote. Impossible, because the statute that authorized the capture of the school taxes, this particular capture, was passed in 2012 and explicitly was retroactive to 2010. And there had been a vote in November of 2010 for a school tax. So that tax couldn't possibly – there's no possible way it could have disclosed the capture because capture wasn't the law for those taxes at that time. So the entire argument is frivolous regarding this over and over statement that the law demands that you must allow a special vote for this purpose. Quite the contrary. The law explicitly says you don't need a special vote for this purpose. And there hasn't been one, and there won't be. And there's never been one in any matter. So the fact is, yes, the relief they seek, which isn't exactly before the court, but yes, the relief that they seek is inconsistent with the state statutes. It's ultimately before the court, but it isn't consistent with the state statutes. The court never needs to get there because the bigger doctrine says that you can't come along at the last minute. And there's plenty of case law on that, all consistent. You don't get to come along at the last minute. And they sat and waited and waited. And then before you get to the bigger doctrine, we believe that it would be appropriate for the court to affirm the trial court on the determination that in the absence of a particularized injury, there is no state court standing. And again, the ARDA decision says that the court gets to choose how to sequence. There's an overarching argument that you're calling this attempt to erase the money that's not being spent for the purpose for which the taxpayers told it was being raised. And that that somehow is a violation of their rights. There are multiple Michigan cases that refer to the legislature's power to ultimately determine the expenditure of funds. And in this instance, the vote they talk about occurs in 2010. There wasn't a vote in 2010, I should say. In 2012, the court said that money can be captured. I apologize, the legislature. Yes, in 2012, the legislature said those funds can be captured and used for redevelopment. So that's the argument. That's the answer to that argument. It's just not based on the statute. You have to read the statute in the appearing interior. There's two statutes. And you've got the school statute and the various statutes regarding tax capture. The tax capture statute comes later, which is obviously relevant. It is more specific, which is obviously relevant. And it is not directly inconsistent unless you choose their strained interpretation that says every time a dollar is misspent, you get to go to court. Now, I would point out, what if those funds had been misspent, for example – well, I'll be specific. Mr. Davis was on a school board, and on that school board – this is just a fact – on that school board, he was convicted of embezzling funds. Well, that didn't give every voter the right to come to court and say those funds were spent wrong. And the same applies here. Just because funds are spent wrong doesn't mean everybody needs to vote on it. I just – if I can add one more question. You keep referring to already hospitality, which is an unpublished decision in this court that says you can decide federal jurisdiction or state jurisdiction first. But nobody seems to talk about Campbell, which is a published decision and therefore binding decision in this court, which says the opposite. So do you have anything to say about Campbell v. PMI Food Equipment Group? No. Okay. I wish I did. I mean, Artie doesn't cite Campbell inexplicably, but it doesn't, so – No, I don't know if anybody cited Campbell, but I apologize for not being familiar with the precedent. I can tell the court that I was very persuaded by Artie and I was persuaded by Judge Gittinberg's ruling in Burgess, which seemed to control that, made sense. I would go back. Again, I realize it's an odd thing to ask of the court, but our real belief is that the best way to both do justice here and protect the integrity of the court system and show the plaintiffs that they can't abuse parties with frivolous lawsuits would really be to strike the brief. I understand that's unusual in the Sixth Circuit, but it's something that we think would be appropriate. Thank you. Thank you very much. No problem. I think – do you agree that Lansing School's case is much broader-scaled than Artie's case? Can you speak, Dr. Lansing? Your former Chief Justice was in dissent, and Lansing School's laughed when he heard this decision that the plaintiffs didn't have standing under Lansing School's and made the remark to Mr. Davis, his former clerk, that even a dog has standing under Lansing School's. I don't believe that the law at this point requires a district court to find Article III standing before it decides to exercise supplemental jurisdiction. And that, I think, is the issue that gets raised by these arguments. Can a district court not exercise supplemental jurisdiction if, indeed, there isn't Article III standing? And I think that is simply not the law at the present time. I think Spolio – Spokio – the Supreme Court broadened standing in the idea of what injury is necessary in order to at least reach federal issue, federal court standing. The Michigan standing of taxpayers and with respect to elections has always been, even before Lansing School, broad. And I just would give a quote from the Court of Appeals case that referenced the Amber, Michigan Supreme Court case. It said, in that case, it's generally held the absence of statute in the country if a private person as relator may enforce, by Man Davis, a public right or duty relating to elections without showing a special interest distinct from the interest of the public. And Davis cited to an amateur copulation of that. Consequently, defendants' assertions and citations of the contrary plaintiffs were not required to show substantial injury distinct from that suffered by the public in general. The trial court for when the standing issue was not erroneous, that is, Hellcamp v. Slavonia City Council with respect to an election, 1-60, Michigan, 4-42. Counsel, you might want to wrap up on the Red Lines Bill. I do, I do. It appears to me that the right to vote as presented in Section 12-16 of Michigan High School can be reconciled with the constitutional, permissive Tax Increment Finance and Local Development Finance Act. It does need to be reconciled. And the reconciliation is very simple. The school board placing it on a ballot to get the electorate to vote in favor or not of sending their funds for school operating purposes to reimburse two billionaires for their newest toy in the student arena. Lovely arena, but the electorate ought to have the right to decide whether it's going to send $34.5 million of school operating money to two billionaires. Thank you very much. The case is submitted. Thank you. Respectfully, may I ask one quick question of the panel? I apologize for not having, and I think none of us were familiar with the Campbell case. Would it be appropriate or acceptable for us to file a very brief, if we have some substantive response, to file a very brief supplemental brief within the next seven days? I don't think that's necessary. I think we're well equipped to deal with the equivalent case law. Thank you very much. I'm sorry. I couldn't answer your question. Thank you.